Decided Nov. 9, 2001.

Medicon HELLAS, Plaintiff–Appellant,

v.

Abbott LABORATORIES, Defendant–Appellee.

No. 00–16298.

D.C. No. CV–96–20999–JW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Nov. 9, 2001.

Before NOONAN, HAWKINS, and TASHIMA, Circuit Judges.

### MEMORANDUM [1]

Appellant Medicon Hellas, S.A. ("Medicon") appeals from the judgment of the district court entering judgment as a matter of law on June 23, 2000, in favor of Abbott Laboratories ("Abbott"). The district court held that the evidence presented by Medicon was insufficient for a rea-

sonable jury to find that Paragraph 9(e) of the parties' distribution agreement imposed any binding post-termination obligations on Abbott under California law.

The district court had jurisdiction under 28 U.S.C. § 1332(a)(2). We have jurisdiction under 28 U.S.C. § 1291. A grant of a motion for judgment as a matter of law is reviewed de novo. *See, e.g., Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1226 (9th Cir.2001). We hold that Paragraph 9(e) constituted nothing more than a mere agreement to agree, and because such agreements are unenforceable under California law, we affirm the district court's decision.

The basic facts have already been set for by both parties in their briefs.

▮ Under California law, indefinite "agreements to agree" cannot impose legally binding obligations on either party. *See, e.g., Cable & Computer Technology v. Lockheed Sanders, Inc.*, 214 F.3d 1030, 1035 (2000); *Banco Do Brasil S.A. v. Latian, Inc.*, 234 Cal.App.3d 973, 1016, 285 Cal.Rptr. 870 (1991); *Kruse v. Bank of America*, 202 Cal.App.3d 38, 59, 248 Cal. Rptr. 217 (1988); *Roberts v. Adams*, 164 Cal.App.2d 312, 315–16, 330 P.2d 900 (1958); *Autry v. Republic Productions*, 30 Cal.2d 144, 151, 180 P.2d 888 (1947). Paragraph 9(e) of the parties' distribution agreement provides that "in the event of termination, responsibility for field servicing of units should be mutually agreed upon by STC and Company to secure good quality reputation of STC and Company." The parties had merely consented to mutually agree at an undetermined time on post-termination terms. The following essential terms were left unresolved by Paragraph 9(e): who was to remain as the exclusive servicer of existing analyzers after termination and whether Abbott was

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

obligated to continue supplying reagents to Medicon at a reasonable price for the remaining life expectancy of those analyzers.

Although Medicon did inform representatives at Sequoia–Turner that if it was unable to fulfill its contractual obligations, it would be banned under Greek law from transacting business for two years, Medicon could not show that the two parties had definitively established under Paragraph 9(e) any actual post-termination responsibilities. Therefore, the provision constituted nothing more than a mere agreement to agree.

Medicon has also failed to present sufficient evidence for a reasonable jury to find that Abbott has breached the implied covenant of good faith and fair dealing.

Finally, because this court finds that Paragraph 9(e) was unenforceable as a mere agreement to agree, we do not have to reach the issue of evidence regarding damages.

The judgment of the district court is affirmed.